UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMIE BODNER, f/k/a
TAMMIE KATZ,

                Plaintiff,

                                          Case No. 14-cv-13221
                                          Honorable Gershwin A. Drain

v.


WELLS FARGO BANK, N.A.,

                Defendant.

_____/

### OPINION AND ORDER GRANTING DEFENDANT'S
### MOTION TO DISMISS [#2]

## I. INTRODUCTION

Plaintiff, Tammie Bodner, filed the Complaint in the instant action on July 8, 2014, challenging Defendant's, Wells Fargo Bank ("Wells Fargo"), mortgage foreclosure on a former property that belonged to Plaintiff in Farmington Hills, Michigan. In her complaint, Plaintiff brought four claims: (1) a claim for fraudulent misrepresentation/silent fraud, (2) a claim for constructive fraud, (3) a claim for violations of Michigan's Regulation of Collection Practices Act, MICH. COMP. LAWS. § 445.251 *et seq.*, and (4) a claim for negligent administration of a loan. Defendant removed this case from the Oakland County Circuit Court [#1] on August 20, 2014.

Presently before the Court is Defendant's Motion to Dismiss and/or for Summary Judgment [#2] filed on September 2, 2014. On September 29, 2014, this Court granted a stipulated Order extending Plaintiff's deadline to respond to Defendant's Motion to October 7, 2014. On October 7, 2014 this Court, again, granted a stipulated Order extending Plaintiff's

deadline to respond to Defendant's Motion to October 21, 2014.  As of this date, Plaintiff has yet to respond to Defendant's Motion.  For the reasons discussed herein, the Court will **GRANT** Defendant's Motion to Dismiss.

## II. FACTUAL BACKGROUND

On August 2, 2007, Plaintiff received a $290,000 residential mortgage loan (the "Loan") from Provident Funding Associates, LP.   The Mortgage encumbered property located at 34035 Glouster Circle, Farmington Hills, Michigan 48331 (the "Property").   The Mortgage was recorded with the Oakland Country Register of Deeds on September 10, 2007.  Plaintiff used the proceeds of the Loan to satisfy and discharge a prior mortgage loan of $298,000.

The Mortgage at issue was assigned to Defendant on December 23, 2009.    The assignment was recorded on February 4, 2010 in the Oakland County Records.  In January of 2013, Plaintiff contacted Wells Fargo seeking a loan forbearance plan while she was financially distressed. While seeking the forbearance plan, Plaintiff asserts that Defendant informed her that applying for a loan modification was her only option.  Further, Plaintiff asserts that she was told to purposely breach her Mortgage Loan agreement by skipping three months of payment.

From January 2013 to January 2014, Plaintiff asserts that she repeatedly submitted and updated documents for review of her loan modification application.  Plaintiff maintains that approximately four months into the review of her application, she was advised not to send in payments because it would cause her loan modification application to be denied.  It is undisputed that Plaintiff made her last Mortgage Loan payment in May of 2013.

On July 16, 2013 Plaintiff received a written notice of Default from Defendant. Following the notice of default, Plaintiff was informed of her right to meet with an agent of Defendant to discuss loss mitigation options.  On October 8, 2013 Plaintiff, through her agent,

GreenPath Debt Solutions, requested a meeting with Defendant whereupon the Defendant requested documents to consider loan modification and/or loss mitigation options. On December 9, 2013, Defendant denied Plaintiffs loan modification request because Defendant asserts that Plaintiff failed to provide requested documents.

Plaintiff maintains that in early January 2014, she received notification that her loan modification was denied because she had been previously approved for a loan modification. On January 3, 2014, Plaintiff asserts that she contacted Defendant to inquire about what could be done to save the Property, and was told that her only option was to redeem the property after paying the entire loan balance once the sheriff's sale was completed on January 7, 2014. On January 7, 2014, the Property went to a sheriff's sale. Plaintiff insists that she had the money to reinstate the Loan prior to the sale. Plaintiff's statutory right to redeem the Property expired on July 7, 2014. Plaintiff commenced this action one day after the expiration of the redemption period.

### III. LAW & ANALYSIS

#### A.    Standard of Review

Defendant removed this case to this Court on August 20, 2014 pursuant to 28 U.S.C. § 1441. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332. Thus, according to the *Erie* doctrine, Michigan law will govern the substantive issues raised herein while federal law will govern the procedural matters. *See Erie R.R. v. Tompkins,* 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938) ("Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State."); *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 417, 116 S. Ct. 2211, 135 L.Ed.2d 659 (1996) ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law."); *Klaxon Co. v.*

*Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 1021, 85 L. Ed. 1477 (1941) (holding that federal courts sitting in diversity are to apply the choice-of-law rules of the state in which the court sits in order to resolve conflicts between state laws); *see also Performance Contracting Inc. v. DynaSteel Corp.*, 750 F.3d 608, 611 (6th Cir. 2014).

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* The

-4-

plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.' " *Id*. at 679.

The Court notes that this is a Motion to Dismiss and/or a Motion for Summary Judgment. The Court will construe the Motion as a Motion to Dismiss because, even though documents are not attached to a complaint, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment ." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007). Where plaintiffs do not refer directly to given documents in the pleadings, if those documents govern the plaintiffs' rights and are necessarily incorporated by reference then the motion need not be converted to one for summary judgment. *See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be incorporated and assessed without converting a motion to dismiss to a motion for summary judgment, even though the complaint referred only to the "plan" and not the accompanying documents). Additionally, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Northville Downs v. Granholm,* 622 F.3d 579, 586 (6th Cir. 2010) (quoting *Commercial Money Ctr., Inc.,* 508 F.3d at 335–36).

**B.    Legal Analysis**

**1.   Standing**

Defendant argues that Plaintiff's complaint should be dismissed because she lacks standing. Specifically, Defendant argues that Plaintiff's claims are subject to dismissal because the redemption period had expired when this suit was commenced. Dkt. No. 2-1 at 9. In support

of its argument against Plaintiff's standing, Defendant cites and relies on *Overton v. Mortgage Electronic Registration Systems*, No. 07-725429, 2009 WL 1507342 (Mich. App. May 28, 2009): an unpublished decision from the Michigan Court of Appeals.  In *Overton*, the court held that once the redemption period following a foreclosure of a parcel of real property has expired, the former owner's rights in and title to the property are extinguished.  *See Overton,* 2009 WL 1507342, at *1.

"The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a ***clear showing of fraud, or irregularity***."  *Id.* (emphasis added) (citing *Schulthies v. Barron*, 16 Mich. App 246, 247-248; 167 N.W.2d 784 (1969)); *see also Bryan v. JPMorgan Chase Bank*, 304 Mich. App. 708, 848 N.W.2d 482 (2014), *appeal denied*, 853 N.W.2d 355 (Mich. 2014).

Plaintiff did not file a response to this motion; nevertheless, the Court does not agree that dismissal is warranted based on a lack of standing.  The Sixth Circuit has explained that although cases like *Overton* may discuss "standing," such cases "should not be read as Article III standing cases." *Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x 492, 496 (6th Cir. 2014).

Instead, after analyzing the precedent of the Michigan State Courts, the Sixth Circuit emphasized that in cases such as this one, where a Plaintiff seeks "to challenge a foreclosure sale despite failing to redeem the property within the applicable six-month period . . . '[t]here is no serious dispute that [a Plaintiff] has Article III standing to contest the foreclosure sale.' " *Id.* (quoting *El–Seblani v. IndyMac Mortgage Services,* 510 Fed. App'x. 425, 428 (6th Cir. 2013), and citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000), for the proposition that standing is established when

-6-

there is a "concrete," "particularized," and "actual" injury that "is fairly traceable to the challenged action of" the defendants and capable of being "redressed by a favorable decision.").

Thus, the Court will not dismiss Plaintiff's complaint solely because the case was brought after the end of the statutory redemption period. Nevertheless, "having standing to bring a claim does not mean [a plaintiff has] a valid claim on the merits. That is a different question." *Elsheick*, 566 F. App'x at 497. Plaintiff is still required to show that there was fraud or irregularity in the foreclosure process, and that there is merit to her other claims. *See Rishoi v. Deutsche Bank Nat. Trust Co.*, No. 12-12957, 2013 WL 142258, at *3 (E.D. Mich. Jan. 11, 2013) *aff'd*, 552 F. App'x 417 (6th Cir. 2013).

### 2.  Plaintiff's Claims

To reiterate, Plaintiff brings four causes of action in support of her challenge to the foreclosure proceedings: (1) a claim for fraudulent misrepresentation/silent fraud, (2) a claim constructive fraud, (3) a claim for violations of Michigan's Regulation of Collection Practices Act, MICH. COMP. LAWS. § 445.251 *et seq.*, and (4) a claim for negligent administration of a loan. Despite having standing to raise these allegations, Plaintiff has failed to allege sufficient facts to state a claim to relief that would allow this Court to draw a reasonable inference that the Defendant is liable for the alleged misconduct. The Courts reasoning for dismissing each Count will be discussed in turn.

#### a.  Plaintiff's Fraud Claims

In Count I, Plaintiff alleges that Defendant made false representations in order to induce Plaintiff to sit on her rights so that a Sheriff's sale could be completed without incident. Dkt. No. 1-2 at ¶¶ 23-26. In the alternative, Plaintiff alleges in Count II that these representations constituted "constructive fraud" without a purposeful design to defraud Plaintiff. *Id.* at ¶¶ 32-33.

The Sixth Circuit has examined Michigan State Court opinions to determine that "[a]fter the statutory redemption period has expired, courts may examine a plaintiff's effort to set aside the foreclosure sale only where such a plaintiff has made 'a clear showing of fraud, or irregularity' that relates to '*the foreclosure procedure itself*.' " *Elsheick*, 566 F. App'x at 497 (emphasis added) (quoting *Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 359-60 (6th Cir. 2013) (citations omitted)).

Defendant contends that, even if Plaintiff did have standing, Plaintiff has failed to demonstrate a clear showing of fraud or irregularity in the foreclosure process sufficient to justify setting aside the Sheriff's sale. Dkt. No. 2-1 at 10. Defendant aptly notes that Plaintiff does not allege any prejudicial material fraud or irregularity in the sheriff's sale procedure. *Id.*

The Court agrees. Plaintiff's complaint does not allege any fraud or irregularity in the foreclosure sale itself. Though Plaintiff did not attach any documentation to her Complaint, Defendant attached to their motion a variety of documentation including: (1) a copy of the Mortgage, Dkt. No. 2-2, (2) a copy of the assignment of the mortgage, Dkt. No. 2-4, (3) the notice of default, Dkt. No. 2-5, and (4) a copy of the sheriff's deed, Dkt. No. 2-11.

These documents were duly filed and examinations of the documents provided to the Court appear sufficiently complete to apprise Plaintiffs of the true details of the Loan transaction. *See Derbabian v. Bank of Am., NA.*, No. 13-CV-12836, 2014 WL 354659, at *4 (E.D. Mich. Jan. 31, 2014) *aff'd sub nom.*, No. 14-1253, 2014 WL 5293426 (6th Cir. Oct. 17, 2014). After reviewing Plaintiff's Complaint, and viewing the allegations therein in the light most favorable to the Plaintiff, the Court is not satisfied that Plaintiffs have adequately plead a claim for fraud.

Plaintiff's Complaint does not focus on the sheriff's sale, but instead focuses on Defendant's right to foreclose following her "nightmare of submitting, re-submitting and

updating documents to continue the review of her loan modification application." Dkt. No. 1-2 at

¶ 14.  These allegations do not, however, demonstrate a clear showing of fraud, or irregularity

that relates to the foreclosure procedure. *See Elsheick*, 566 F. App'x at 497.

Additionally, even if Plaintiff's allegations of fraud had been detailed sufficiently in her

complaint, she could not have prevailed on the merits of her cause of action because her filing

failed to raise a plausible claim for relief. Under established Michigan law, fraudulent

misrepresentation requires proof of the following:

> (1) That defendant made a material representation; (2) that it was false; (3) that when he
> made it he knew that it was false, or made it recklessly, without any knowledge of its
> truth and as a positive assertion; (4) that he made it with the intention that it should be
> acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby
> suffered injury. Each of these facts must be proved with a reasonable degree of certainty,
> and all of them must be found to exist; the absence of any one of them is fatal to a
> recovery.

*Elsheick*, 566 F. App'x at 498 (quoting *Titan Ins. Co. v. Hyten,* 491 Mich. 547, 817 N.W.2d 562,

567–68 (2012) (citations and footnote omitted)).

The Defendant argues that "Plaintiff could not reasonably rely upon the alleged

representation that prior to the sheriff's sale her only option was to wait until after the sale and

redeem the Property when at least two writings from her lender said exactly the opposite." Dkt.

No. 2-1 at 15. The Court is in agreement.  The Notice of Default issued by the Defendant

explicitly indicated that Defendant had the right to reinstate her "Mortgage Note and Mortgage

or Deed of Trust after acceleration, and to have enforcement of the Mortgage discontinued and to

have the Mortgage Note and Mortgage remain fully effective as if acceleration had never been

required." Dkt. No. 2-5.

Furthermore, paragraph 19 of the Plaintiff's Mortgage, entitled "Borrower's Right to

Reinstate After Acceleration," details further how Plaintiff has the right to reinstate the Loan

prior to the sheriff's sale. Dkt. No. 2-2 at 10.   The language in these two documents cannot be squared with Plaintiff's unsupported assertion that Defendant indicated Plaintiff's only option was to apply for a loan modification and to redeem her property after the sheriff's sale. *See* Dkt. No. 1-2 at ¶23(a), (d).   Accordingly, the Court finds that Plaintiff has failed to advance a plausible claim that she was fraudulently mislead.   Consequently, Plaintiff's claims for fraudulent misrepresentation—Counts I and II—are dismissed, with prejudice.

### b.  Plaintiff's Regulation of Collection Practices Act Claim

In Count III, Plaintiff alleges that Defendant is liable for violating the Michigan Regulation of Collection Practices Act.  The Court will dismiss this Count because it consists of conclusory allegations that do not satisfy the *Twombly* and *Iqbal* standards. To reiterate, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678.  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.*

Here, Plaintiff alleges, amongst other things, that Defendant communicated with her in a "misleading or deceptive manner," made "an inaccurate, misleading, untrue, or deceptive statement in trying to collect a debt," misrepresented the "status of legal action being taken." Dkt. No. 1-2 at ¶39.  In making these allegations, however, Plaintiff relies on bald labels and conclusions, and a formulaic recitation of the elements of the cause of action.  Plaintiff does not explain which statement or statements by Defendant were misleading, which statement or statements were untrue, or how Defendant misrepresented the status of any "legal action."   In

sum, Plaintiff fails to adequately plead this Count, and accordingly the Court will dismiss Count III with prejudice.

### c.  Plaintiff's Negligent Administration of a Loan Claim

Lastly, in Count IV, Plaintiff argues that "the guarantor of a loan may be released from obligation [sic] on the loan, if the administrator is negligent in monitoring, supervising and/or administering  the loan." Dkt. No. 1-2 ¶ 45.  A guarantor is defined as "[o]ne who makes a guaranty or gives security for a debt."   GUARANTOR, BLACK'S LAW DICTIONARY (9th ed. 2009).  Under Michigan Law, the Sixth Circuit has found that "a guaranty is 'an *independent, collateral agreement* by which [the guarantor] undertakes to pay the obligation if the primary payor fails to do so.' " *Mazur v. Young*, 507 F.3d 1013, 1019 (6th Cir. 2007).  As the Defendant notes, "Plaintiff is the borrower, mortgagor and the ultimate Loan obligor." Dkt. No. 2-1 at 20. Thus, even assuming Plaintiffs were correct in their legal allegation, Plaintiff would not be the proper party.  Consequently, the Court finds that this Count fails as a matter of law, and will dismiss Count IV with prejudice.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [#2] is **GRANTED**.

The Court retains jurisdiction to resolve any post-judgment motions concerning Defendants' request for costs and attorney fees.

This cause of action is dismissed.

SO ORDERED.

Dated: October 31, 2014

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge

-11-